# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2025

Lyle W. Cayce
Clerk

———————

No. 23-60377

———————

Fasken Land and Minerals, Limited; Permian Basin Land and Royalty Owners,

*Petitioners,*

*versus*

Nuclear Regulatory Commission; United States of America,

*Respondents.*

———————————————————————

Petition for Review of an Order of the
Nuclear Regulatory Commission Agency No. 72-1051

———————————————————————

## ON REMAND FROM
## THE SUPREME COURT OF THE UNITED STATES

Before Elrod, *Chief Judge*, and Jones, and Wilson, *Circuit Judges*.
Per Curiam:[*]

In 2021 the Nuclear Regulatory Commission (NRC) issued a license to Interim Storage Partners, LLC, to establish a facility to store nuclear waste

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60377

temporarily in Andrews County, Texas. *Texas v. NRC*, 78 F.4th 827, 830 (5th Cir. 2023), *rev'd*, 605 U.S. 665 (2025). In that case, the State of Texas and private entities Fasken Land and Minerals, Ltd., (Fasken) and Permian Basin Land and Royalty Owners (PBLRO) petitioned this court to set aside that license. *Id.* We did so, based on our threshold determination that the petitioners had standing to challenge the license because they were "part[ies] aggrieved by the final order" of the NRC granting the license. *Id.* at 837 (quoting 28 U.S.C. § 2344).

Separately, Fasken and PBLRO filed another petition for review asking this court to vacate a separate license issued by the NRC in May 2023 to Holtec International, to establish a nuclear waste storage facility in Lea County, New Mexico. *Fasken Land & Mins., Ltd. v. NRC*, No. 23-60377, 2024 WL 3175460, at *1 (5th Cir. Mar. 27, 2024), *vacated*, 145 S. Ct. 2834 (2025). Following *Texas v. NRC*, this court also vacated Holtec's license. *Id.* at *1.

The Supreme Court reversed our judgment in *Texas v. NRC*, concluding that the petitioners "were not parties to the [NRC's] licensing proceeding" and were therefore "not entitled to obtain judicial review of the [NRC's] licensing decision." *NRC v. Texas*, 605 U.S. 665, 690 (2025). On remand, this court dismissed that petition, as required by the Supreme Court's holding. *Texas v. NRC*, 152 F.4th 686, 687 (5th Cir. 2025). The result in this case is likewise controlled by the Supreme Court's decision in *NRC v. Texas*. *See Holtec Int'l v. NRC*, 145 S. Ct. 2838 (2025) (remanding this case for further consideration in the light of *NRC v. Texas*, 605 U.S. at 665).

Applying the Supreme Court's holding in *NRC v. Texas*, we lack jurisdiction to consider this petition. Accordingly, the petition for review is DISMISSED.